503 P.2d 859

**WEBER COUNTY, a public corporation of the State of Utah, Plaintiff and Appellant,**

**v.**

**DAVIS COUNTY, a public corporation of the State of Utah, Defendant and Respondent.**

**No. 12861.**

Supreme Court of Utah.

Nov. 30, 1972.

Robert L. Newey, Weber County Atty., Phillip J. Williamsen, Deputy County Atty., Ogden, for plaintiff-appellant.

Bennett P. Peterson, Davis County Atty., Farmington, for defendant-respondent.

ELLETT, Justice:

Weber County appeals from an adverse judgment rendered by the court sitting without a jury. The action was brought by Weber County against its neighbor, Da-

---

8. See Sec 77–42–1, U.C.A.1953, and Rule 61, U.R.C.P.; Vanderpool v. Hargis, 23 Utah 2d 210, 461 P.2d 56.

vis County, to recover the unpaid cost of services it had rendered through its county hospital to eleven indigent residents of Davis County.

Four of the patients were admitted to the Weber County Hospital during the year 1966, three during 1967, and two during each of the years 1968 and 1969. Eight of the patients were sent to the Weber County Hospital from private hospitals in Weber County, one from a private hospital in Salt Lake County, and two from their residences in Davis County. Most of the patients were elderly and were classed as extended care patients. All were on the relief rolls of the State of Utah. No official of Davis County ever requested the Weber County Hospital to receive, treat, or care for any of the patients, nor was any such official ever notified that a resident of Davis County was being cared for by Weber County until after the patient was admitted to the hospital. It was not until March, 1970, that Weber County made a formal demand on Davis County for reimbursement of expenses incurred in treating and caring for these patients.

Weber County claims the right to reimbursement pursuant to Section 17–5–55, U. C.A.1953, which so far as material reads:

They [county commissioners] may provide for the care, maintenance and relief of all indigent sick or otherwise dependent poor persons who have lawfully settled in any part of the county, . . .

and it is hereby made the duty of each board of county commissioners to provide such care, maintenance and relief for the indigent sick and dependent poor, whether found within or without the corporate limits of incorporated cities or towns, . . . and in their discretion they may erect, officer and maintain such hospitals, poorhouses, or other institutions as may be necessary to provide for the same; . . .

No request or demand was ever made by any of the patients or anyone on their behalf to any official of Davis County to provide any care, maintenance or relief of such patients. Davis County never promised Weber County to reimburse it for any expenses incurred in caring for these relief patients.

The legislature enacted Section 17–5–55.-5, U.C.A.1953 (Replacement Vol. 2) in 1967, which reads:

Each and every county commission shall appropriate from the general funds of the county an amount of money not to exceed the equivalent of a ½ mill levy which, in its judgment, based upon historical experience and projected need as determined in consultation with the state department of public welfare, shall be equal to one-third (⅓) of the anticipated annual costs of medical treatment and hospitalization for the medically indigent, but in no event shall such annual appropriation be less than one hundred dollars

($100). Moneys so appropriated shall be deposited with the state treasurer who shall credit the same to a hospital and medical care account.

Eligibility requirements for hospital and medical care shall be determined by the state department of public welfare and shall be uniform for all counties. Payment for such care shall be made by the department or division of state government administering the Public Assistance Act of 1961 upon notification to the county in which the indigent resides for whom payment is being made and the county commissioners agree. Disbursement from the hospital and medical care account shall be made only for costs accrued in excess of care limits otherwise established for the care of such patients by the state department or division administering the Public Assistance Act of 1961.

Davis County has complied with that statute, and the state department of public welfare has disbursed funds to Weber County pursuant to the section just quoted. The claim of Weber County is for expenditures made in excess of the amount paid by the state department of public welfare and other amounts received, if any, such as from social security and from relatives of the patients.

The case of Cache Valley General Hospital v. Cache County, 92 Utah 279, 67 P. 2d 639 (1937), was one where a resident of the county was treated and cared for by a private hospital without any request for the treatment being made by the county commissioners of Cache County. This court stated at page 288 of the Utah Reports, 67 P.2d at page 643:

. . . We are inclined to the view that in a jurisdiction like ours, where there is a relaxation of the strict rule of nonliability for services rendered to a poor person without special authorization or consent of an official designated by statute to authorize the performance (see note, 93 A.L.R. 900), the rule that the necessity for attention must be most urgent should be enforced; . . .

The statute in force at the time of that case is the same as 17-5-55, U.C.A.1953, upon which Weber County now relies for its cause of action against Davis County.

The evidence justifies the findings of the trial court that there were no emergencies in connection with the admission of any of the eleven patients, and under the law Davis County cannot be compelled to reimburse Weber County for the unpaid costs of the eleven patients to whom treatment and care were voluntarily given.

The judgment is affirmed. No costs are awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.